United States District Court
Southern District of Texas
**ENTERED**
February 06, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGEL NAJARRO DIAZ, | § | |
| A# 233 334 832 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-26-799 |
| | § | |
| KRISTI NOEM, Secretary, U.S. | § | |
| Department of Homeland Security, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Angel Najarro Diaz, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. (Docket Entry No. 1). The federal respondents have filed a Motion to Dismiss, and in the Alternative for Summary Judgment. (Docket Entry No. 7). After considering the petition, the briefing, and the applicable law, the court denies the Motion to Dismiss, and in the Alternative for Summary Judgment (Docket Entry No. 7) and grants the petition for a writ of habeas corpus (Docket Entry No. 1).

## I.    BACKGROUND

The parties do not dispute the relevant facts. Najarro Diaz, a citizen of El Salvador, entered the United States around 2002. (*See* Docket Entry No. 1 at 15). He was taken into custody by ICE in January of 2026 while on his way to work and he has been detained since that time. (*Id.*). On January 15, 2026, DHS served Najarro Diaz with a Notice to Appear in immigration court, initiating removal proceedings. (Docket Entry No. 1-2 at 1). The Notice to Appear designated

Najarro Diaz as "an alien present in the United States who has not been admitted or paroled," rather than "an arriving alien." (*Id.*).

On February 2, 2026, Najarro Diaz filed the pending § 2241 petition. (Docket Entry No. 1). He seeks immediate release or, in the alternative, a bond hearing under 8 U.S.C. § 1226. The respondents answered with a Motion to Dismiss, and in the Alternative for Summary Judgment. (Docket Entry No. 7). The respondents oppose habeas relief, arguing that Najarro Diaz failed to exhaust his administrative remedies and is subject to mandatory detention under 8 U.S.C. § 1225(b). They do not contest the facts asserted in the petition or exhibits and assert no other basis for Najarro Diaz's detention.

## II.    LEGAL STANDARD

"The Constitution guarantees that the writ of habeas corpus is 'available to every individual detained within the United States.'" *Ramos v. Unknown Party*, No. 1:26-CV-19, 2026 WL 285028, at *2 (W.D. Mich. Feb. 3, 2026) (quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)). "To obtain relief under § 2241, the [petitioner] must establish a violation of either the Constitution or federal law." *Fillingham v. United States*, 867 F.3d 531, 536 (5th Cir. 2017) (citing 28 U.S.C. § 2241(c)(3)). "The habeas petitioner 'bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence.'" *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696–97 (S.D. Tex. 2025) (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243).

## III.    ANALYSIS

The respondents first argue that Najarro Diaz has failed to exhaust his administrative remedies because he has not requested a bond hearing before an immigration judge.  As already considered and decided by this court, the doctrine of exhaustion does not bar the court's review. *See Buenrostro-Mendez v. Bondi*, Civ. Action No. H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); *see also Amelia C. P. v. Noem*, No. 3:25-CV-2872-K-BK, 2025 WL 3653872, at *2 (N.D. Tex. Dec. 17, 2025) ("Requiring [a petitioner] to request a bond hearing before an IJ and (if bond were denied) appeal the decision 'would be inappropriate because it would exacerbate [the petitioner's] alleged constitutional injury—detention without a bond hearing.") (citation omitted).

The respondents next argue that Najarro Diaz is subject to mandatory detention under § 1225(b)(2).  They assert no other basis for Najarro Diaz's detention.  Again, as this court and other courts have articulated in numerous decisions, petitioners in a situation like Najarro Diaz— noncitizens who are apprehended while already residing in the United States without having been admitted or paroled—are not properly subject to detention under 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Buenrostro-Mendez*, 2025 WL 2886346, at *3; *Arenas-Santoyo v. Dickey*, No. CV H-25-5555, 2025 WL 3724557, at *4 (S.D. Tex. Dec. 23, 2025); *Reyes v. Thompson*, No. SA-25-CA-01590-XR, 2025 WL 3654265, at *3–4 (W.D. Tex. Dec. 12, 2025); *Reyes-Lopez, v. Bondi*, No. 5:25-CV-1800-JKP, 2026 WL 94653, at *5 (W.D. Tex. Jan. 6, 2026); *De La Cruz v. Florentino*, No. CV 26-348 (JXN), 2026 WL 266534, at *2 (D.N.J. Feb. 2, 2026).  Because the respondents do not claim that Najarro Diaz is being detained under 8 U.S.C. § 1226, the court "sees no reason to consider" § 1226 as a basis for the petitioner's current detention.[1]

---

[1] *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23  (D. Mass. 2025) ("Since there is no indication or present assertion that Petitioner is subject to detention under section 1226, the Court sees no reason to consider that basis."); *Reyes v. Thompson*, No. SA-25-CA-01590-XR, 2025 WL 3654265, at *4 (W.D. Tex. Dec. 12, 2025) (citing *Martinez*, 792 F. Supp. 3d at 223 n.23); *Mendoza-Menjivar v. Bondi*, No.

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "The typical remedy for such detention is, of course, release." *Id.*; *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody."). The court determines that immediate release is the appropriate relief for the unlawful detention in this case.[2]

## IV.    CONCLUSION

Based on the foregoing, the court **orders** as follows:

1.    The respondents' Motion to Dismiss, and in the Alternative for Summary Judgment (Docket Entry No. 7) is **denied.**

2.    The petition for a writ of habeas corpus filed by Angel Najarro Diaz (Docket Entry No. 1) is **granted.**

3.    The respondents are **ordered** to release Petitioner Angel Najarro Diaz from custody, under appropriate conditions of release, **within 24 hours of entry of this Order**. The petitioner shall be released in a public place within the Southern District of Texas, and the respondents must notify the petitioner's counsel of the exact location and exact time of the petitioner's release **as soon as practicable and no less than three hours before his release**.

---

1:25-CV-2060-DAE, 2026 WL 89964, at *8 n.8 (W.D. Tex. Jan. 12, 2026) ("Respondents do not anywhere assert that they are detaining Petitioner pursuant to § 1226 . . . and so the Court will not consider that provision as a basis for Petitioner's detention").

[2] *See, e.g.*, *Renova-Gonzalez v. Dickey*, Civil Action No. 4:25-cv-6295 (S.D. Tex., Houston Div. Jan. 30, 2026) (J. Bennett) (finding that the petitioner was not governed by § 1225(b)(2) and ordering release of the petitioner from custody); *Elizalde-Castro v. Thompson*, Civil Action No. 4:26-cv-82 (S.D. Texas, Houston Div. Feb. 2, 2026) (J. Hanks) (finding that the petitioner is not subject to mandatory detention under § 1225(b)(2) and ordering the release of the petitioner from custody); *Vargas v. Bondi*, No. SA-25-CV-1023-FB (HJB), 2025 WL 3300446, at *5 (W.D. Tex. Nov. 12, 2025) (discussing why immediate release from detention is the appropriate relief), *R&R adopted sub nom. Vargas v. Bondi*, No. SA-25-CV-1023-FB, 2025 WL 3300141 (W.D. Tex. Nov. 26, 2025); *Sanchez v. Johnson*, No. 6:25-CV-00503-ADA-DTG, 2025 WL 3707317, at *3 (W.D. Tex. Dec. 10, 2025) (finding that the petitioner's continued detention under § 1225(b)(2) is unlawful and that the petitioner should be immediately released from custody), *R&R adopted,* No. 6:25-CV-00503-ADA-DTG, 2025 WL 3709970 (W.D. Tex. Dec. 22, 2025); *de Jesus Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, at *9 (N.D. Ind. Nov. 25, 2025) (finding that the petitioner was not lawfully detained under § 1225(b)(2) and ordering the petitioner's immediate release).

4

4.    The respondents are further **ordered** to file a status report **within five (5) days of the date of this Order**, confirming that the petitioner has been released.


SIGNED on February 6, 2026, at Houston, Texas.


_Lee H. Rosenthal_

_____

Lee H. Rosenthal
Senior United States District Judge